1

2

3

4

5

6                                IN THE UNITED STATES DISTRICT COURT

7                                FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10   WALLACE JOSEPH DESMARAIS, JR.,
     individually and on behalf of all others similarly
     situated,

11

12                       Plaintiff,                              No. C 13-03666 WHA

13            v.

14   MONICA N. JOHNSON, FRED E. DURHAM          No. C 13-03668 WHA
     III, BRAD W. BUSS, PATRICK J. CONNOLLY,
15   MICHAEL DEARING, DOUGLAS M. LEONE,
     BOB MARINO, J.P. MORGAN SECURITIES
16   LLC, JEFFERIES & COMPANY, INC.,
     COWEN AND COMPANY, LLC, JANNEY           **REMAND ORDER**
17   MONTGOMERY SCOTT LLC, RAYMOND
     JAMES & ASSOCIATES, INC., and
18   CAFEPRESS, INC.,

19                       Defendants.
                                                        /

20   HUSSAIN JINNAH, individually and on behalf
     of all others similarly situated,
21

22                       Plaintiff,

23            v.

24   CAFEPRESS, INC., BOB MARINO, MONICA
     N. JOHNSON, FRED E. DURHAM III, BRAD
25   W. BUSS, PATRICK J. CONNOLLY,
     DOUGLAS M. LEONE, MICHAEL DEARING,
26   J.P. MORGAN SECURITIES LLC, JEFFERIES
     & COMPANY, INC., COWEN AND
27   COMPANY, LLC, JANNEY MONTGOMERY
     SCOTT LLC, and RAYMOND JAMES &
28   ASSOCIATES, INC.,

                         Defendants.
                                                        /

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1

2

**INTRODUCTION**

In two removed putative class actions asserting claims under the Securities Act of 1933,

3    plaintiffs separately move to remand. To the extent stated below, both motions are **GRANTED.**

4    **STATEMENT**

5        This order concerns two putative securities class actions, one commenced by plaintiff

6    Wallace Joseph Desmarais Jr. and the other by plaintiff Hussain Jinnah. Defendants are

7    CafePress, Inc. as well as several of its officers and directors.

8        In July 2013, plaintiffs Desmarais and Jinnah filed their respective complaints in state

9    court. Both complaints alleged several causes of action under the Securities Act of 1933, based

10   on similar claims of material misstatements and omissions in CafePress's registration statement

11   for its initial public offering. In August 2013, defendants filed notices of removal in both actions

12   on the basis of federal-question jurisdiction. Plaintiffs have now filed separate motions to

13   remand their actions to state court. Because they submitted essentially identical briefs, as did

14   defendants in their responses, the order considers both motions together.

15   **ANALYSIS**

16   **1.    LEGAL STANDARD.**

17       Defendants are correct that plaintiffs cannot seek remand unless removal is expressly

18   excluded by Congress. *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034

19   (9th Cir. 2008); 28 U.S.C. 1441(a). Defendants' argument nonetheless fails because plaintiffs

20   seek remand under Section 77v(a) of the Securities Act of 1933, which provided an express

21   exception to removal. The order thus turns to whether removal was proper under the 1933 Act,

22   as amended by the Securities Litigation Uniform Standards Act.

23   **2.    THE SECURITIES ACT OF 1933 AND THE SECURITIES**
     **LITIGATION UNIFORM STANDARDS ACT.**

24

25       As originally enacted, Section 77v(a) of the 1933 Act included two provisions of

     particular importance here. *First*, one of the provisions stated that "no case arising under [the
26
     1933 Act] and brought in any State court of competent jurisdiction shall be removed to any court
27
     of the United States." *Second*, the other provision stated that federal and state courts had
28
     concurrent jurisdiction over matters arising under the 1933 Act.

Effective November 1998, SLUSA amended Section 77v(a) by adding the following language in italics:

> The district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under this subchapter and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, *except as provided in [S]ection 77p of this title with respect to covered class actions*, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter . . . .
>
> *Except as provided in [S]ection 77p(c) of this title*, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

SLUSA also added new Sections 77p(b) and 77p(c) (emphasis added):

> (b) Class action limitations
>
> No covered class action *based upon the statutory or common law of any State or subdivision thereof* may be maintained in any State or Federal Court by any private party alleging —
>
>> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
>>
>> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.
>
> (c) Removal of covered class actions
>
> Any covered class action brought in any State court involving a covered security, *as set forth in subsection (b)*, shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

Finally, SLUSA provided a definitions provision. 28 U.S.C. 77p(f). A "covered class action" was defined as any single lawsuit in which either damages were sought on behalf of more than fifty persons or prospective class members, or one or more named parties sought to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated. A "covered class action" further included any group of lawsuits in which damages were sought on behalf of more than fifty persons and the lawsuits were joined, consolidated, or otherwise proceeded as a single action for any purpose. Moreover, a "covered

security" was defined as a security listed on a national securities exchange.  28 U.S.C. 77p(f)(2), (3).

### 3.   STATUTORY INTERPRETATION.

Because both sides dispute the scope of removable cases as permitted under SLUSA's amendments, the order must first consider the plain language.  "Where the language and purpose of the questioned statute is clear, courts, of course, follow the legislative direction in interpretation."  Nevertheless, if the statutory language is ambiguous or "the literal words would bring about an end completely at variance with the purpose of the statute," the order may consider the legislative history in interpreting the statute.  *United States v. Pub. Utilities Comm'n of Cal.*, 345 U.S. 295, 314–15 (1953).

### A.   Plain Language.

Plaintiffs assert that removal was improper under the plain language of Section 77v(a).  For support, they point to how Section 77v(a) prohibited removal "[e]xcept as provided in [S]ection 77p(c)," which allowed removal of covered class actions "as set forth in subsection (b)."  Section 77p(b), in turn, only addressed covered class actions that were "based upon the statutory or common law of any State or subdivision thereof . . . ."  Because removal was expressly restricted to covered class actions based on state law, as plaintiffs contend, defendants should not have removed the 1933 Act claims here.  Plaintiffs rely on dictum from *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 642–43 (2006), to reinforce their position, although "[n]either the Supreme Court nor any of the federal courts of appeals has squarely addressed this question and the roughly thirty district courts to confront the issue are divided more or less evenly."  *Toth v. Envivo, Inc.*, C 12-5636 CW, 2013 WL 5596965, *2 (N.D. Cal. Oct. 11, 2013) (Judge Claudia Wilken).

In *Kircher*, the Supreme Court addressed whether a decision to remand was appealable under 28 U.S.C. 1447(d).  The district court had remanded a putative state law class action removed under SLUSA, and the Seventh Circuit reversed that decision.  In ruling that remand orders were not appealable, the Supreme Court continued on to state that "authorization for the removal in [Section 77p(c)], on which the District Court's jurisdiction depends, [is] confined to

United States District Court

For the Northern District of California

cases set forth in [Section 77p(b)] . . . namely, those with claims of untruth, manipulation, and so on." It further explained that the language of Section 77p(c) — "as set forth in subsection (b)" — would serve "no apparent function unless it limited removal to covered class actions involving claims like untruth or deception," as confirmed by the legislative history of SLUSA. Accordingly, *Kircher* found "no reason to reject the straightforward reading" of Sections 77p(b) and (c), instead stating that "[i]f the action is not precluded, the federal court likewise has no jurisdiction to touch the case on the merits, and the proper course is to remand to the state court that can deal with it." *Id.* at 642–44.

Our court of appeals later provided its own dictum. *Luther*, for instance, concerned a putative class action that alleged 1933 Act claims and which had been removed under the Class Action Fairness Act. Our court of appeals stated that Section 77v(a) "strictly forbids the removal of cases brought in state court and asserting claims under the [1933 Act]." 533 F.3d at 1033.

Defendants challenge such dicta as unpersuasive because the above decisions did not consider Section 77v(a)'s provision on jurisdiction. Under defendants' approach, the statutory analysis begins with the "except as provided in [S]ection 77p of this title with respect to covered class actions" language, which SLUSA added to Section 77v(a)'s provision on jurisdiction. This added language then modified the subsequent phrase — "of all suits in equity and actions at law brought to enforce any liability or duty created *by this subchapter*" — such that only Section 77p(f)(2) could "breathe meaning into the SLUSA jurisdictional exception." *Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 424 (S.D.N.Y. 2009). This is because Section 77p's other provisions (*i.e.*, Sections 77p(b), (c), and (d)) referred to covered class actions based only on state law, and not the 1933 Act. Defendants thus contend that the most straightforward reading of the added language is that state courts no longer have jurisdiction over 1933 Act claims in covered class actions, as defined under Section 77p(f)(2); removal was therefore proper because there are no state courts "of competent jurisdiction" for 1933 Act claims.

The order disagrees with defendants, based on the plain language of the SLUSA amendments and the dicta from the Supreme Court and our court of appeals. It is true that SLUSA added the "except as provided in [S]ection 77p . . ." language to Section 77v(a)'s

provision on jurisdiction, so that the addition appears to reference "suits in equity and actions at law" brought under the 1933 Act as opposed to state laws. Defendants' approach, however, would ignore the express inclusion of the "[e]xcept as provided in [S]ection 77p(c)" language in Section 77v(a)'s provision on removal. Indeed, this would contradict the "cardinal principle of statutory construction that we must give effect, if possible, to every clause and word of a statute." *Williams v. Taylor*, 529 U.S. 362, 404 (2000) (citations omitted).

Defendants nevertheless argue that the addition of "[e]xcept as provided in [S]ection 77p(c)" means that some actions under the 1933 Act are now removable, given that Section 77v(a)'s provision on removal applies to actions "arising under" the 1933 Act.

Not necessarily. The "[e]xcept as provided in [S]ection 77p(c)" language could cover removal of 1933 Act claims that are brought along with state law claims. In fact, other courts have found that such language was needed "to eliminate any doubt about the removability of cases that include both state law claims and otherwise nonremovable claims based on the Securities Act." *Pipefitters Local 522 & 633 Pension Trust Fund v. Salem Communs. Corp.*, 2005 U.S. Dist. LEXIS 14202, *6–7 (C.D. Cal. June 28, 2005) (Judge Robert G. Klausner); *In re Tyco Int'l, Ltd.*, 322 F. Supp. 2d 116, 120 (D.N.H. 2004) (Judge Paul J. Barbadoro).

Defendants also assert that the "shall be subject to subsection (b)" language in Section 77p(c) would be superfluous under plaintiffs' interpretation, because Section 77p(b) already prohibited covered class actions alleging state law claims. Section 77p(c)'s language only makes sense, defendants contend, if there were some covered class actions that would be dismissed under Section 77p(b) (*i.e.*, state law claims) and some that remained (*i.e.*, federal law claims).

This contention is unpersuasive because it fails to address the plain language of the 1933 Act. Section 77v(a) expressly stated that no case arising under the 1933 Act can be removed "[e]xcept as provided in [S]ection 77p(c)," which in turn provided that any covered class action "as set forth in subsection (b)" shall be removable. Furthermore, it appears that Congress intentionally included the "shall be subject subsection (b)" language so as "to prevent a State court from inadvertently, improperly, or otherwise maintaining jurisdiction over an action that is preempted pursuant to subsection (b)." H.R.Rep. No. 105–640, p. 16 (1998).

**B.      Legislative History.**

Defendants argue that plaintiffs' interpretation of the 1933 Act goes against the purpose of SLUSA, which purportedly was to make federal court the only venue for securities class actions, including any 1933 Act claim.  This is because plaintiffs' interpretation would escape the stringent requirements of the Private Securities Litigation Reform Act, while also discouraging any plaintiff from filing a 1933 Act claim in federal court.  It would have been very easy for Congress to state that all securities actions, including all 1933 Act claims, would be removable.  Congress did not so state.  Instead, it resorted to convoluted, interlocking language hard to fathom, thereby suggesting Congress meant something else.

This order now considers the legislative history of SLUSA.  "[T]he authoritative source for finding the Legislature's intent lies in the Committee Reports on the bill, which represent[] the considered and collective understanding of those Congressmen involved in drafting and studying proposed legislation."  Accordingly, committee reports are more authoritative than passing comments from one legislative member or comments from floor debates.  *Garcia v. United States*, 469 U.S. 70, 76 (1984) (citations omitted).

Unfortunately, the legislative history of SLUSA is murky.  On the one hand, defendants point to a Senate committee report that considered testimony on "a noticeable shift in class action litigation from federal to state courts."  The report thus found that SLUSA was needed to establish "national standards for nationally traded securities" and "avoid the thwarting of the purpose of the [PSLRA] . . . ."  S.Rep. No. 105–182, p. 2–4, 8 (1998).

Defendants also highlight a section titled "Purpose and Summary" from a later House committee report.  This stated that SLUSA would "make[] Federal court the exclusive venue for most securities class action lawsuits."  The report further explained that the purpose of SLUSA was "to prevent plaintiffs from seeking to evade the protections that Federal law provides against abusive litigation by filing suit in State, rather than in Federal, court."  The report also provided that SLUSA would "establish[] uniform national rules for securities class action litigation involving our national capital markets."  H.R.Rep. No. 105–640, p. 8–9 (1998).  These

*United States District Court*
For the Northern District of California

United States District Court
For the Northern District of California

1    statements were then repeated in the legislature's conference report on SLUSA.  H.R.Rep. No.

2    105–803, p. 13 (1998).

3         On the other hand, the legislative history also suggests that Congress amended the 1933

4    Act via SLUSA so that only state law securities claims were removable.  As plaintiffs point out,

5    the same committee reports from above noted that SLUSA "amend[ed] the Securities Act of

6    1933 and the Securities Exchange Act of 1934 to limit the conduct of securities class actions

7    *under State law*, and for other purposes . . . ."  S.Rep. No. 105–182, p. 1 (1998); H.R.Rep. No.

8    105-640, p. 1 (1998) (emphasis added).

9         Moreover, the House committee report explained that the legislature considered how

10   plaintiffs were migrating to state court to circumvent PSLRA requirements, and that SLUSA

11   would address this problem by "preempt[ing] securities fraud class actions brought *under State*

12   *law*."  H.R.Rep. No. 105–640, p. 10–11 (1998) (emphasis added).  The conference report

13   likewise stated that the amendments to the 1933 Act would "limit the conduct of securities class

14   actions *under State law*."  H.R.Rep. No. 105–803, p. 1 (1998) (emphasis added).

15        This order recognizes that its interpretation of SLUSA leads to the odd result that

16   securities class actions based on state law claims are removable but those based only on the

17   federal 1933 Act are not removable.  While this is not an absurd result, it is a curious one.  But it

18   is an outcome necessitated by the way Congress chose to word SLUSA.  Possibly this was

19   intended by Congress to preserve its original decision in 1933 to prevent removal of 1933 Act

20   claims (unless they are joined with state court class claims).

21        Another curious aspect should be noted.  Once these actions are remanded, the subject of

22   settlement and releases will eventually come up.  In that event, should the parties be allowed to

23   fold into their settlements class-wide claims that have been stripped out of state court jurisdiction

24   by SLUSA, such as class-wide state law claims?  A good argument can be made that such

25   statutorily-barred claims should *not* be folded into any class-wide settlement and release, for to

26   do so would force absent class members to release claims that were not and could not have been

27   developed in the litigation.  Put differently, absent class members would litigate with one arm

28   tied behind their backs (having to ignore state-based claims), then settle as if no restraint had

been imposed.  This consideration should possibly also implicate the advisability of class certification in the first place.

The remand issue is a recurring question that deserves to be answered by the appellate courts.  For that reason, counsel were requested to advise whether this order could be certified for review under 28 U.S.C. 1292(b).  Both sides agree that in light of Section 1447(d), a remand order is *not* appealable under Section 1292(b).  Nonetheless, the Court has concluded that remand in these circumstances is the best reading of SLUSA.  Plaintiffs' motions to remand are **GRANTED.**

**CONCLUSION**

The remand motions are **GRANTED.**  Both actions shall be remanded to the Superior Court of the State of California for the County of San Mateo.

**IT IS SO ORDERED.**

Dated:  October 22, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California